Judge Owsley
delivered the opinion of the court.*
This writ of error is brought to reverse a judgment recovered by Brooks on an action brought by him against Gaither upon a covenant of warranty.
For the purpose of proving that Brooks bad been evicted from the land contained in the deed of warranty, he offered in evidence the transcript of a record in an action of ejectment brought by Nathan Floyd against him; but the transcript was objected to ou the ground of Gaither not having had notice of the pendency of the ejectment; whereupon Brooks offered to read the copy of a notice and affidavit thereto annexed, filed among the papers in the ejectment suit, for the purpose of proving that Gaither had been served with notice* but to the reading of the copy Gaither *410 also objected, but his objections were overruled, and the transcript of the record permitted to be used in evidence before the jui-y.
To prove such notice, a copy of a notice to that e.ifectand the affidavit annexed, taken from among the papers in she ejectm’nt is incompetent, not being the best evidence of which tbe case is sns-"■heptibie.
To shew the quantity of land for which the eviction had been, the copy of thé survey in the e-iectment ⅛ incompetent-
, Vide ante, j> 389, Patton vs. Kennedy.
That the transcript was properly admitted for the purpose it appears to have been introduced, we have no doubt.
Unless Gaither was notifiéd by Brooks of the pendency of the ejectment, the recovery in that suit would not, it is true, be admissible in this, for the purpose of shewing that the eviction was bad under a paramount title, and'had the transcript been offered in evidence for that purpose, we should be of opinion, it ought to have been rejected. For, as the notice and affidavit formed no part of the record in ejectment, it is perfectly clear, that the copy thereof, taken from the papers filed in that cause, was not the best evidence the nature of the case was susceptible of, and, consequently, inadmissible for the purpose of proving notice to Gaither.
But as the transcript of the record appears to have been introduced barely to shew Brooks had been evicted from the land, it was clearly admissible without any proof of Gaither’s having had notice; and if admissible for that purpose, although the court may have erred in receiving the evidence of notice, yet as that evidence was addressed to the court for the purpose of removing an ill-founded objection to the competency of the transcript of the record, the judgment, for that cause, ought not to be overturned.
To shew the quantity of land from which Brooks had been evicted, be was, moreover, permitted by the court to use as evidence to the jury, the copy of a survey made in the ejectment cause; but as the survey, although copied ⅛ the transcript made out by the clerk, forms no part of the record in that case, upon the principle decided in the case of Patton against Kennedy, at this term, it ought not to have been admitted as evidence.
Because, therefore, the éopy of the survey was improperly allowed to go to the jury, the judgment must be reversed with cost, the cause remanded to the court below, and further proceedings had not inconsistent with this opinion.

Absent, Chief Justice Boyle.